UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tammy S. Sprague,

        Plaintiff

v.

Commissioner of Social Security,

        Defendant

Case No. 3:18-cv-977

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge George J. Limbert. (Doc. No. 17). Judge Limbert recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Tammy Sprague's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id.*). Sprague timely filed objections to the R & R, (Doc. No. 18), and the Commissioner filed a response, (Doc. No. 19).

## II. BACKGROUND

After reviewing the R & R, I hereby incorporate and adopt, in full, the "Factual and Procedural History" and "Relevant Medical and Testimonial Evidence" sections set forth in the R & R, as there were no objections to these sections by Sprague. (Doc. No. 17 at 1-10).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the

recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

When reviewing those non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV.    DISCUSSION

Sprague raises one objection to the R & R, alleging Judge Limbert erred in finding the ALJ had given "good reasons" for discounting the opinion of her treating psychiatrist, Subrata Roy, M.D. (Doc. No. 18). Upon initial review, this appears to be a general objection since Sprague fails to cite a specific error in the R & R. But after further consideration, Sprague's objection is to the ALJ's failure to consider all of the relevant treatment records when concluding "[t]he opinion of Dr. Roy was inconsistent with his own treating records." (Doc. No. 11 at 32). In support, Sprague points to

multiple treatment records where Dr. Roy documented Sprague's "anxious" mood, "guarded" affect, and "limited" insight and judgment. (Doc. No. 18 at 3).

The August 31, 2016 opinion by Dr. Roy, which the ALJ found to be "inconsistent" with Dr. Roy's treating records, states in relevant part:

> Since 2013 to present, Tamrae Sprague has been unable to complete an 8 hour work day on a sustained basis without interruptions from psychologically based symptoms.
>
> Tamrae has need for redirection multiple times during an hour to stay on task due to deficits in attention and concentration. She would be off task 20% or more of a workday.

(Doc. No. 11 at 2215). It is true that Dr. Roy failed to elaborate in this opinion by presenting evidence in explanation of his opinion. But, the ALJ's analysis of Dr. Roy's treating records, which resulted in his conclusion of inconsistency, is flawed.

First, with respect to concentration specifically, Dr. Roy's treatment records do refer to Sprague's concentration-related difficulties. As the ALJ acknowledged, during Sprague's August 20, 2014 visit with Dr. Roy, Sprague reported "difficulties focusing and concentrating." (*Id.* at 27, 1318). The ALJ also noted Dr. Roy's November 4, 2014 assessment, documenting Sprague's "reported difficulty with concentration." (*Id.* at 31, 1666). While these do not address specific restrictions, these records are not inconsistent with the opined limitations per se.

Additionally, after comparing the ALJ's decision to Dr. Roy's treatment records, I find that the remainder of the ALJ's analysis of Dr. Roy's treatment records is incomplete and, at times, incorrect.

For example, in the description of the April 9, 2013 record, the ALJ documented Sprague's subjective symptoms, including that Sprague "denied any symptoms of anxiety." (*Id.* at 27). But the ALJ failed to acknowledge Dr. Roy's mental status exam findings, reporting Sprague's mood as "anxious" and her insight and judgment as "limited." (*Id.* at 903). This is not an isolated incident.

3

The ALJ also reported Sprague had "normal mental status examinations in October 2015 and January 2016." (*Id.* at 27). But in October 2015, Dr. Roy documented Sprague's "anxious" mood, (*Id.* at 2192), and in January 2016, Dr. Roy observed not only that Sprague's mood was "anxious," but also that her affect was "guarded." (*Id.* at 2199).

In total, the ALJ failed to acknowledge the eight mental status exams where Dr. Roy reported Sprague's "anxious" mood. (*Id.* at 903, 919, 927, 936, 2185, 2192, 2199, 2364). Instead, the ALJ repeatedly noted Sprague denied symptoms of "anxiety" in the treating records and cited a single mental status exam when Sprague presented with an "anxious but good" mood. (*Id.* at 27). Further, while Dr. Roy documented Sprague's "limited" insight and judgment during three visits, (*Id.* at 903, 936, 1318), the ALJ documented only one of these instances. (*Id.* at 27). Finally, without explanation of its relevance or lack thereof, the ALJ entirely omitted the three times Dr. Roy observed Sprague's "guarded" affect. (*Id.* at 919, 2185, 2199).

The ALJ was not required to provide an exhaustive description of all of the medical evidence. But he "must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5). The ALJ failed to do so here. Instead, he selectively cited to the record without indicating whether he reasonably rejected the omitted evidence or simply overlooked it. In light of the fact that the ALJ discounted Dr. Roy's opinion because he found it to be inconsistent with the treating records, his consideration of all of the treatment records is of the utmost importance. Due to the ALJ's incomplete evaluation and explanation, I must reverse the ALJ's decision to discount Dr. Roy's treating physician opinion for lack of "substantial evidence." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d at 243.

## V. CONCLUSION

For the foregoing reasons, I reject Judge Limbert's Report & Recommendation as to his finding that the Administrative Law Judge's decision to discount Dr. Roy's treating physician opinion was supported by substantial evidence. The remainder of the Report & Recommendation is adopted, in full, and the matter is reversed and remanded for further proceedings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
